# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEON WILLIAMS** | **CIVIL ACTION** |
| v. | NO. 19-797 |
| **ABRAHAM BENSHETRIT, D.M.D. et al.** | |

**MEMORANDUM RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**Baylson, J.**                                                          **August 13, 2019**

## I. Introduction

In this personal injury case resulting from alleged misrepresentations made during dental surgery, Plaintiff seeks to amend his Complaint to add claims for:

- Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. Sec. 201-1-201-9.2 ("UTPCPL") (Count IV);

- Fraudulent intentional misrepresentation (Count V); and

- Negligent misrepresentation (Count VI).

(Mot., ECF 29.) Defendants oppose Plaintiff's Motion to Amend, claiming that amendment would be futile. (Resp., ECF 32.) For the reasons that follow, Plaintiff's Motion to Amend will be granted in part and denied in part.

## II. Alleged Facts

On February 13, 2018, Plaintiff Deon Williams visited dentist Defendant Dr. Abraham Benshetrit at the Saltz Dental Center. Plaintiff's Complaint is not specific as to the purpose for this visit. Plaintiff alleges that Dr. Benshetrit advised him that he needed a root canal, and attempted the procedure. (Compl., ECF 1 ¶¶ 14 & 17). During the procedure, Dr. Benshetrit was unable to get Plaintiff's mouth numb and sent him home with antibiotics. (Id. ¶¶ 17 & 18).

On February 20, 2018, Plaintiff returned to Dr. Benshetrit to proceed with the root canal.

1

(Id. ¶ 19). During this visit, Plaintiff alleges that Dr. Benshetrit "negligently and carelessly failed to locate the nerve canals and perforated the tooth and the furcation" and then "negligently and carelessly attempted to extract tooth number 18 and was unable to do so." (Id. ¶¶ 21 & 22.). Plaintiff alleges that prior to the root canal, Dr. Benshetrit assured Plaintiff that he had "years of experience and done hundreds of root canals on similar teeth without issue or problems and that Williams would be fine." (Prop. Am. Compl., Mot. Ex. A ¶ 28.) Plaintiff alleges that "tooth number 18 was permanently damaged and required extraction and a bone graft with implant/crown placement." (Compl. ¶ 25.)

### III.    Legal Standard

The Court should grant leave to file an Amended Complaint under Federal Rule of Civil Procedure 15(a) unless there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Defendants assert that amendment of Plaintiff's Complaint would be futile. Futility "means that the complaint, as amended, would fail to state claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000). The standard used to assess futility is the same as that under Federal Rule of Civil Procedure 12(b)(6). Id. at 115. This standard requires that "a complaint contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Taylor v. Pathmark Inc., 2013 WL 943359, at *2 (E.D. Pa. Mar. 12, 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## IV. The Parties' Contentions

### A. Complaint

In Plaintiff's original Complaint, he claims that Dr. Benshetrit was negligent and careless. (Compl. ¶¶ 31-33). Plaintiff also asserts that the Saltz Dental Center is liable for Dr. Benshetrit's alleged negligence and carelessness. (Compl. ¶¶ 34-36). Finally, Plaintiff claims that Dr. Benshetrit did not received informed consent because the doctor did not provide any alternative options to the root canal. (Compl. ¶¶ 37-40).

### B. Proposed Amended Complaint

Plaintiff's proposed Amended Complaint arises out of information Plaintiff allegedly received through written discovery. Plaintiff alleges that he has obtained evidence that Dr. Benshetrit graduated from Dental School at the University of Pennsylvania in May 2017, months before the procedure. (Mot. at 3.) (Prop. Am. Compl. ¶ 24). The proposed Amended Complaint alleges that following graduation, Dr. Benshetrit did not attend any special training or residency and that he had never performed a root canal on his own without the instruction or assistance of another dentist and never in a private setting. (Prop. Am. Compl. ¶¶ 25 & 30). Dr. Benshetrit obtained his license on January 17, 2018. (Id. ¶ 26). He was then hired by the Saltz Dental Center on January 24, 2018. (Id. ¶ 27). Consequently, Plaintiff alleges that Dr. Benshetrit had not had years of experience performing root canals prior to his procedure on Plaintiff, and that Plaintiff was his first ever root canal patient.

As a result of discovery, Plaintiff asserts that Dr. Benshetrit's statement that he had, "years of experience and done hundreds of root canals on similar teeth without issue or problems and that Williams about be fine" was fraudulent misrepresentation. (Id. ¶ 28). Plaintiff's Amended Complaint thus adds claims for fraudulent intentional misrepresentation (Id. ¶¶ 74-78)

and negligent misrepresentation (Id. ¶¶ 79-82). Plaintiff also adds a claim that Dr. Benshetrit is liable for violating the UTPCPL. (Id. ¶¶ 54-73). Additionally, Plaintiff includes a prayer for punitive damages in his proposed Amended Complaint.

### C. Defendants' Response in Opposition to Plaintiff's Motion

Defendants assert that any attempt by Plaintiff to amend his Complaint would be futile, and that thus the Court should deny Plaintiff's motion. (Resp.) Defendants respond to Plaintiff's motion with three points. First, Defendants assert that Dr. Benshetrit is not liable under the UTPCPL because he is a dentist. (Resp. at 4.) Physicians are excluded from coverage by the UTPCPL, and, as discussed further below, Defendants argue that this Court should conclude that dentists are considered physicians under the statute when the claim arises from the rendering of medical services.

Second, Defendants claim that Plaintiff has failed to establish all elements of a claim for negligent and intentional/fraudulent misrepresentation. (Resp. at 7.) Defendants assert that Plaintiff has not pled damages resulting solely from a misrepresentation by Dr. Benshetrit and thus has not alleged causation. (Id. at 10.) Instead, Defendants assert that Plaintiff has incorporated by reference an injury suffered from alleged negligence. (Id.) Thus, Defendants claim that Plaintiff must show that his injury is the result of fraudulent misrepresentation, not merely the alleged negligence. (Id.) Furthermore, Defendants claim that Plaintiff has not demonstrated that Dr. Benshetrit "intended to induce" Plaintiff to agree to a root canal. (Id.)

Finally, Defendants assert that Plaintiff has not pled sufficient facts to support a plea for punitive damages. (Id. at 11.) Defendants argue that Plaintiff's claims are "legally insufficient" because punitive damages are an extreme remedy and "Plaintiff has not pled any facts to support that Dr. Benshetrit had an absolute disregard for the well being of the plaintiff, partook in any

4

intentional, malicious, outrageous, or reckless conduct to harm the plaintiff, or had an evil motive." (Id. at 11, 14.)

### D. Plaintiff's Reply

Plaintiff "adamantly disagrees" with Defendants that Dr. Benshetrit cannot be liable under the UTPCPL, arguing that dentists are a "business enterprise" because dentists "provid[e] and sell[] consumers whitening products, night guards, tooth brushes, oral mouth rinses, sleep devises, etc." much like other retail stores." (Reply, ECF 35 at 7). Plaintiff also notes that under the Medical Care Availability and Reduction of Error Act ("MCARE" Act), "the legislature intentionally omitted dentists" as health care providers and that "there is no reason to believe that this same legislature did not intend the UTPCPL to apply to dentists." (Id. at 6.)

In response to Defendants' second point, Plaintiff asserts that he is "entitled to plead both intentional and negligent fraud," and that the causal connection is "obvious." (Id. at 10-11.) Plaintiff takes issue with Defendants' contention that Plaintiff must plead separate damages for each count for relief. (Reply. at 10.) Plaintiff argues that Dr. Benshetrit's words were "not mere puffery," and that he would "never have had the treatment done by the Defendant" had he known about Dr. Benshetrit's lack of experience. (Reply at 10-11.)

In response to Defendants' final point, Plaintiff argues that the Defendants' conduct demonstrated "reckless indifference to the rights of others" and that punitive damages should be permitted to deter others from engaging in similar conduct. (Reply at 12-13.)

## V. Discussion

### A. Plaintiff cannot state a claim under the UTPCPL against a dentist

The UTPCPL prohibits "unfair methods of competition and deceptive practices in the conduct of any trade or commerce." Gatten v. Merzi, 579 A.2d 974, 975 (Pa. Super. 1990). The

5

UTPCPL does not apply to physicians. Id. ("[E]ven though the Act does not exclude services performed by physicians, it is clear that the Act is intended to prohibit unlawful practices relating to trade or commerce and of the type associated with business enterprises. It is equally clear that the legislature did not intend the Act to apply to physicians rendering medical services."); see also Foflygen v. R. Zemel, M.D. (PC), 615 A.2d 1345, 1354 (Pa. Super. 1992).

In Gatten, the Superior Court noted that

> To impose the liability provided for by the Act to such statements would have the effect of making a physician the absolute guarantor of both his treatment and the anticipated results even in the absence of a specific contract warranting those results. Thus, each time a physician, *without fault*, performs an unsuccessful operation, he could face liability under the Act for preoperative statements about its anticipated outcome. Such an interpretation, which is inconsistent with our precedent regarding liability of physicians in performance of their medical services, would be absurd.

Id. (emphasis in original).

Defendants assert that Dr. Benshetrit, as a dentist, qualifies as a physician and cannot be held liable under the UTPCPL. Defendants rely primarily on Whitlock v. Designs in Dentistry, LLC, 2017 Pa. Dist. & Cnty. Dec. LEXIS 555 (Mar. 9, 2017), where the Common Pleas Court of Allegheny County held that a dentist is a physician and consequently cannot be held liable under the UTPCPL. In Whitlock, Judge Timothy O'Reilly sustained the defendants' preliminary objections and dismissed the plaintiff's UTPCPL claims in a case alleging fraud by a dentist, concluding that "I must follow. . . controlling Pennsylvania Superior Court decisions, . . . and find that the UTPCPL does not apply to the medical services provided by a dentist." Id. at *4-5. Judge O'Reilly also noted, however, that

> [M]y belief is that those two cases [Gatten and Foflygen] should be revisited because they set forth little reasoning of why Consumer Protection issues are not available in dental cases. The M-Care Statute does not reference dental care. Further, in both of the above

6

> cases the court simply makes the bald statement that the UTPCPL didn't apply and said its application would make the dentist a "guarantor." I question that theory. Liability would attach only if the dental services were delivered negligently and I do not comprehend this guarantor theory. Further, in today's mercantile world, where dentists and hair transplant doctors are constantly on TV a revisitation of these cases would be worthwhile."

Id. at *5.

Plaintiff focuses upon this language, asserting that Judge O'Reilly reached his conclusion "reluctantly," implying that this Court is not bound to follow it.

Neither Gatten nor Whitlock provide further information or specification regarding the definition of a physician. The Court is not left with any impression from these cases as to why a dentists qualify as physicians or what qualities dentists possess that would protect them under the UTPCPL as physicians rendering services. As a result, the Court is tasked with assessing a dentist's potential status as a physician through the guidance of previous decisions where medical providers were or were not held liable.

Some courts distinguish between the rendering of medical and non-medical services in determining whether liability should be imposed under the UTPCPL. In Goda v. White Cliff Leasing P'Ship, 62 Pa. D. & C. 4th 476 (C. P. 2003), the Court of Common Pleas of Mercer County permitted a claim for violations of the UTPCPL against a defendant nursing home for "non-medical services." The Court explained that

> [F]or the purposes of determining the applicability of the UTPCPL medical services are those evaluative, diagnostic, preventative, therapeutic, and supervisory services that are customarily provided by or at the direction of a physical or health care worker in order to treat a patient. Medical services, as defined above, do not fall within the ambit of the UTPCPL, as liability for rendering such services must be premised upon either fault, lack of informed consent, or a specific contract warranting certain results.

Id. at 489. In Alejandro v. Philadelphia Vision Ctr., 2018 WL 4110554, at *1 (E.D. Pa. Aug. 29,

2018) (Bartle, J.), Judge Bartle granted summary judgment in favor of the defendant optical center where the claims resulted out of an eye exam and prescription and "[t]he record is clear that the services of conducting an eye exam and writing a related prescription were performed by a licensed optometrist . . .[and] providing eye exams and writing prescriptions constitutes rendering a medical service." Id. at *3.

Plaintiff has not alleged that his reason for visiting Dr. Benshetrit was related to purchasing dental products or for any other non-medical reason. Further, Plaintiff has given no indication that Dr. Benshetrit sold products to him. Plaintiff's alleged injury does not arise from a faulty device or product that Dr. Benshetrit sold to Plaintiff. Rather, Plaintiff's proposed Amended Complaint alleges that he visited Dr. Benshetrit for the purpose of receiving dental services. Because Plaintiff has not demonstrated that the purpose of his visit was to purchase dental products from Dr. Benshetrit, and courts have generally upheld a broad definition of a physician under the UTPCPL, this Court concludes that Dr. Benshetrit was acting in his capacity as a physician rendering services and as a result, cannot be held liable under the UTPCPL. Thus, the Court agrees with the Defendant that this amendment would be futile, as a claim against Dr. Benshetrit under the UTPCPL would not withstand a 12(b)(6) Motion to Dismiss.

### B. Plaintiff has sufficiently alleged a causal nexus between the alleged misrepresentation and the injury

Under Pennsylvania law, the elements for intentional fraudulent misrepresentation are: "1) a misrepresentation; 2) a fraudulent utterance; 3) an intention by the maker that the recipient will be induced to act; 4) justifiable reliance on the misrepresentation; and, 5) damage to the recipient as a proximate result." Mohney v. Forney, 93 App'x 391, 393 (3d. Cir. 2004).

A claim for misrepresentation may be dismissed when the plaintiff fails to demonstrate that he or she justifiably relied on the defendant's misrepresentation. See Kurtz v. Am. Motorists

Ins. Co., 1995 WL 695111, at *2 (E.D. Pa. Nov. 21, 1995) (Hutton, J.) ("[U]nder Pennsylvania Law, the key elements of both fraudulent misrepresentation and negligent misrepresentation are: (1) a communication of a misrepresentation to a recipient; and (2) justifiable reliance by the recipient on the misrepresentation.")

Plaintiff's claim of fraudulent intentional misrepresentation and negligent misrepresentation are based in Dr. Benshetrit's alleged statement that he had "years of experience and done hundreds of root canals on similar teeth without issue or problem" and that Plaintiff "would be fine." Plaintiff alleges that he relied on this alleged statement by Dr. Benshetrit in deciding to move forward with the root canal. The Court concludes that, based upon the facts in the proposed Amended Complaint and the permissive standard under Rule 15(a), Plaintiff has sufficiently alleged a causal nexus between his injury and Dr. Benshetrit's statements.

### C. Plaintiff can properly plead punitive damages

Punitive damages are proper when the defendant's actions are, "so outrageous as to demonstrate willful, wanton, or reckless conduct." Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005). "[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that: (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id. at 772.

Pennsylvania has adopted the standard for reckless indifference from the Restatement (Second) of Torts § 500 "Reckless Disregard of Safety" comment (d): "[i]f the conduct involves a high degree of chance that serious harm will result, that fact, that he knows or has reason to know that others are within the range of its effect, are conclusive of his recklessness." Focht v.

9

Rabada, 268 A.2d 157, 159 (Pa. Super. 1970).

Accepting Plaintiff's factual allegations as true, as the Court required to do at this stage, Plaintiff has properly plead a claim for punitive damages. If the facts alleged are true, Dr. Benshetrit may have had a "subjective appreciation" of the risk to which he was exposing Plaintiff when he allegedly made "intentionally false" statements "to bolster his status and mislead the Plaintiff, who relied on [the statements], to have dental treatment." (Prop. Am. Compl. ¶ 32.) Consequently, Plaintiff has alleged that Dr. Benshetrit acted in conscious disregard of the risk that Plaintiff could be injured. A reasonable person in a similar position may have appreciated the risk posed by performing a procedure under alleged false pretenses. The facts pled are sufficient to support Plaintiff's claim of punitive damages.

## VI. Conclusion

Plaintiff is unable to assert claims against Defendants for a violation of the UTPCPL because Dr. Benshetrit is protected from liability under the law as a physician rendering services. Plaintiff may amend his Complaint to add claims for fraudulent intentional misrepresentation and negligent misrepresentation, and to include a plea for punitive damages.

An appropriate Order follows.

O:\CIVIL 19\19-797 Williams v Benshetrit\19cv797 Memo re Mot to Amend.docx