IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **DEON WILLIAMS** | **CIVIL ACTION** |
|---|---|
| v. | NO. 19-797 |
| **ABRAHAM BENSHETRIT, D.M.D.** | |

**MEMORANDUM RE: PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE AMENDED COMPLAINT**

**Baylson, J.**                                                                                                      **December 2, 2021**

On June 29, 2021, Plaintiff filed a Motion for Reconsideration of this Court's August 13, 2019 Order and for Leave to File an Amended Complaint ("Plaintiff's Motion" or the "Motion") to add a claim for violation of the PA Unfair Trade Practice and Consumer Protection Law. ECF No. 149. Defendant filed its response in opposition on July 9, 2021. ECF No. 151. For the foregoing reasons, Plaintiff's Motion is DENIED.

### I.    PROCEDURAL HISTORY

#### A.    Plaintiff's First Motion to Amend to Add a PA UTPCPL Claim

On May 17, 2019, Plaintiff filed his first Motion for Leave to File an Amended Complaint. ECF No. 29. Plaintiff sought to amend his complaint because he argued he obtained new information during discovery that related back to the same events at the core of this case. Specifically, Plaintiff learned Defendant graduated from dental school in 2017, did not attend a general residency, and did not complete a subspeciality in dentistry. Therefore, Plaintiff sought to amend his Complaint to include two new claims: one for fraudulent misrepresentation and one for violation of the PA Unfair Trade Practice and Consumer Protection Law (PA UTPCPL).

Defendant argued against the amendment because he contended: i) Dr. Benshetrit cannot be liable under the PA UTPCPL because he is a dentist; ii) physicians are excluded from PA

UTPCPL coverage; and iii) this Court should construe a dentist as a physician under the statute when the claim arises from a dentist's rendering of medical services.

On August 13, 2019 this Court entered an Order granting in part and denying in part Plaintiff's Motion to Amend.  ECF No. 45.  This Court denied Plaintiff's Motion as to the PA UTPCPL claim because the Court held Plaintiff could not state a claim under the statute because the PA UTPCPL considers Dr. Benshetrit a physician.  Id.  This Court's reasoning was supported by the fact that Plaintiff sought out Defendant not to purchase dental products or for some non-medical reason, but because Plaintiff needed medical treatment from Defendant.  Id.  This Court also reasoned Plaintiff's injury did not come from a faulty device or product Defendant sold to Plaintiff.  Id.  Therefore, in accordance with courts' broad definition of physician under the PA UTPCPL, this Court concluded "Dr. Benshetrit was acting in his capacity as a physician rendering services, and as a result, cannot be held liable under the UTPCPL." Id. at 8.  Accordingly, this Court denied Plaintiff's Motion to Amend his Complaint to add a UTPCPL claim.

      **B.**      **Plaintiff's Second Motion to Amend to Add a UTPCPL Claim- the Instant Motion**

On June 29, 2021, Plaintiff filed his Motion for Leave of Court to File a Motion for Reconsideration of the August 13, 2019 Court Order; Leave to File an Amended Complaint.  ECF No. 149.  Plaintiff seeks reconsideration of this Court's August 13th Order, contending it is "based on an error of law" and an intervening change of law requires the UTPCPL to be "liberally construed under a strict liability standard." ECF No. 149 at 2–3.  Plaintiff argues Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC, 194 A.3d 1010 (Pa. 2018) and Gregg v. Ameriprise Financial Inc., 245 A.3d 637 (Pa. 2021) stand for the proposition that medical providers *can* be held liable for violating the UTPCPL for "misleading and deceptive statements made regarding themselves and the nature and quality of services provided." Id. at 3.  Plaintiff

2

concludes Dr. Benshetrit's recent graduation date, failure to complete a general residency and/or dental subspeciality indicate he misrepresented his experience to Plaintiff, and Defendant's recent licensure as a dentist "is not related to medical service and/or the course or outcome of treatment for UTPCPL liability not to apply." Id. at 3.  Plaintiff argues Defendant's conduct was "deceitful" because he "claimed a status he did and does not possess."  Id. at 4.

In its response in opposition Defendant argued against amendment for several reasons.  See generally ECF No. 151.

First, Defendant argued Plaintiff demonstrated undue delay in filing the present Motion. Def. Resp. at 3–4.  This trial was originally scheduled for September 15, 2021, and Plaintiff filed this Motion to add a new claim just three months prior in June 2021.  Id.  Plaintiff gave no explanation for his delay.  Id.

Second, Defendant argued the amendment Plaintiff seeks is futile because this Court already squarely decided against an amendment to add a claim under the UTPCPL in this Court's August 13, 2019 Order.  Id. at 4.  Defendant argues against application of the UTPCPL to the facts of this case because Plaintiff sought and received medical *treatment* from Defendant; Defendant was not selling medical products or goods.  Id.  So, Defendant contends, this Court's August 13, 2019 Order remains law-of-the-case and should not be disturbed.  Id.

Third, Defendant argues Plaintiff's Motion is untimely where it was filed nearly two years after the August 13, 2019 Order, far beyond the fourteen-day requirement of Local Rule 7.1 for timely motions for reconsideration.  Id. at 5.

Fourth, Defendant argues, contrary to Plaintiff's reliance on Golden Gate and Gregg, there has been no "intervening change in law" required to grant amendment.  Id. at 5–6.

3

Golden Gate was decided on September 25, 2018 (eight months before Plaintiff's **First** Motion to Add the UTPCPL claim), so it can hardly constitute an "intervening change in law" where it was decided years before the present Motion. Id. at 6–8. Even if it could be considered, Defendant argues Golden Gate is irrelevant to the issues in Plaintiff's Motion or the facts of this case. Id. at 8. In Golden Gate, the Pennsylvania Attorney General filed suit against several dozen nursing homes alleging violations of the UTPCPL because the Attorney General contended "through deceptive advertisements and marketing materials, [the nursing homes] made materially misleading statements about the nature and quality of care provided to their nursing home residents." Golden Gate, 194 A.3d 1010, 1016 (Pa. 2018). Specifically, the nursing homes allegedly made misrepresentations about the availability of snacks and beverages for residents, the availability of nursing staff to assist with daily life there, the regularity of laundry services, and how often ice water was refreshed for residents. Id. Defendant argues Golden Gate never contemplated whether a physician or other medical care provider's statements, pertaining to or arising out of medical services rendered, could be considered a violation of the UTPCPL. Id. at 8. Indeed, Golden Gate did not address Gatten v. Merzy, Foflygen v. R. Zemel, M.D. (PC), Whitlock v. Designs in Dentistry, Alejandro v. Philadelphia Vision Ctr., "or any other case relied upon by Judge Baylson in his August 13, 2019 Memorandum." Id. at 9.

Defendant argues Gregg v. Ameriprise Fin, Inc., 245 A.3d 637 (Pa. 2021) is equally unavailing as an "intervening change of law" because it is equally irrelevant to the case at hand. Id. Defendant contends Gregg concerned alleged misrepresentations made by a financial advisor and insurance salesperson. Id. The issue in Gregg was whether intent was required in order to prove a claim under the catchall provision of the UTPCPL, and the Pennsylvania Supreme Court held it was not. Id. Defendant argues this Court's August 13, 2019 Order did not rest *at all* on Dr.

4

Benshetrit's intent, so Gregg is inapplicable to the issues before the Court. Id. Indeed, Defendant points out that Plaintiff admitted in his Motion for Reconsideration and to Amend that Gregg does not discuss whether the UTPCPL should be applied to dentists or physicians. Id. (citing Pl. Mot. at 4).

## II.     HOLDING

After review of all the briefing for Plaintiff's First Motion to Amend and this Second Motion, and the Golden Gate and Gregg decisions, this Court will DENY Plaintiff's Motion for Reconsideration.

First, Defendant is correct that Plaintiff's Motion is untimely pursuant to Local Rule 7.1(g). Plaintiff also fails to provide a reason for his delay. This is especially unfavorable to Plaintiff because the "intervening change of law" he predicates his Motion on was decided years before he brought the present Motion, it even predates this Court's August 13, 2019 Order. Golden Gate predates Plaintiff's first motion to amend (ECF No. 29) and this Court's August 13, 2019 Order (ECF No. 141) so it cannot be considered an "intervening change of law." Golden Gate is also factually dissimilar to this action because it analyzes representations made by nursing homes, not by a physician rendering services. Gregg is likewise factually dissimilar because it analyzes whether intent was required to hold a financial advisor and insurance salesman liable under the UTPCPL. Neither Golden Gate nor Gregg provide guidance on the issue of whether a dentist is a physician under the UTPCPL. Therefore, this Court's August 13, 2019 Order remains law-of-the-case and undisturbed.

O:\CIVIL 19\19-797 Williams v Benshetrit\19cv797 Memo Re Motion for Reconsideration and Leave to File AC.docx